FERDINANDO FAINARDI *et al. vs.* EMANUELE PAUSATA *et al.*

MARCH 14, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1)   Bills of Exceptions.   Form.*

The statement of an exception which is preceded by a summary of the testimony upon the point involved in the question, the admissibility of which is the subject of the exception, is improper in form.

*(2)   Bills of Exception.   Form.*

A general request for the allowance of a bill of exceptions is preferable to attaching to each a separate request that the exception be allowed.

*(3)   Bills of Exception.   Form.*

It would conform to better practice in stating an exception to a refusal to instruct the jury, to omit the request to charge.

Heard on question of the truth of defendant's bill of exceptions and correctness of transcript.

Transcript established. Exceptions as stated not approved.

RATHBUN, J.   This cause is before us on the question of
the truth of the defendants' bill of exceptions and the cor-
rectness of the transcript.   The justice of the Superior
Court to whom the bill of exceptions and transcript was
presented for allowance refused to alter said bill of excep-
tions as requested by the plaintiffs but allowed the trans-
script and also the bill of exceptions in the form in which it
was presented.   The plaintiffs excepted and thereupon the
clerk of said court in accordance with the statute (now
Section 1, Chapter 348 Gen. Laws, 1923)  certified the
cause and all papers therein to this court.   At the hearing
before us the plaintiffs did not question the accuracy of the
transcript or the statement that the exceptions set out in
the bill were taken, but objected to the form of the bill of
exceptions.

Section 17 of Chap. 298, Gen. Laws, 1909, provides that
in a bill of exceptions the moving party "shall state sepa-
rately and clearly the exceptions relied upon."

Some of the exceptions are to the admission and others
to the exclusion of testimony.   In each instance the state-
ment of the exception is preceded by a somewhat lengthy
summary of the testimony presented upon the point in-
volved in the question, the admissibility of which is the
subject of the exception.   Such statements of testimony
are proper in a brief but have no place in a bill of exceptions.
The statement of each exception concludes with language
substantially as follows:   "the defendants submit that the
ruling was erroneous and prejudicial to their cause and ask
that their exception thereto duly taken at the time, as
appears on said page  .  .  .   may be now allowed."   A
general request for the allowance of a bill of exceptions is
preferable to attaching to the statement of each exception a
separate request that the exception be allowed.   In *Nichols*
v. *Mason*, 44 R. I. 43, SWEETLAND, C. J., speaking for the
court, stated as follows:   "We have frequently held that
the statement of an exception under this provision of the
statute requires no reference to the validity of the exception,

but should be merely an allegation of its truth, *i. e.*, the fact that it was duly taken.   We have pointed out in *Blake* v. *Atlantic National Bank*, 33 R. I. 109, and *Dunn Worsted Mills* v. *Allendale Mills*, 33 R. I. 115, and have held in many subsequent unreported cases, that a bill of exceptions is a formal enumeration of the exceptions upon which the moving party relies; and that an exception is properly stated by setting out the ruling of the Superior Court and the fact that an exception to said ruling was duly taken. If the exception be to the ruling of a justice of the Superior Court made in the course of a trial the exception may be stated by making an exact reference to the ruling as it appears in the transcript, and by alleging that an exception was duly taken to such ruling, with a reference to the place in the transcript where it appears that the exception was noted.  .  .  .   When a party prosecuting exceptions sets out in the bill his claim as to the effect of a ruling of the Superior Court he has exceeded a statement of the truth of the exception, and has introduced matter which is only pertinent in an examination as to the validity of the exception."

Four of the exceptions relied upon are to rulings of the trial justice refusing to instruct the jury as requested.   In each instance the statement of the exception contains the request to charge which was refused.   It would be in conformity to better practice, in stating such an exception, to omit the request.   The tenth exception might be stated in some such language as follows:  "Tenth. To the ruling of said justice, as will appear on page 540 of the transcript, denying the defendants' fifth request to charge, appearing on page 540 of the transcript, the exception to said ruling appearing on page 542 of the transcript.

In *Nichols* v. *Mason, supra,* at page 46 may be found a brief but clear statement of an exception to a ruling excluding a question.

The statement of the fourteenth exception violates the statutory provision that the exceptions must be stated

separately. Said statement combines a statement of an exception to the ruling denying the defendants' motion for a new trial and a statement of an exception to the denial of said motion, without notice to, and in the absence of, the defendants' counsel at a time other than the date for which said motion was assigned for hearing.

The correctness of the transcript is hereby established but the defendants' exceptions as stated are not approved.

The defendants may, after notice to the plaintiffs, submit to us a statement of their exceptions drawn in conformity with this opinion.

*Flynn & Mahoney*, for plaintiff.

*Baker & Spicer, Walter I. Sundlun*, for defendant.